IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HEIDI CRAMER** | ) |
| Plaintiff, | ) CASE NO.: |
| | ) |
| v. | ) JUDGE |
| | ) |
| **T-MOBILE USA, INC.** | ) |
| | ) **COMPLAINT** |
| Defendant. | ) |
| | ) **JURY DEMAND ENDORSED HEREON** |

Plaintiff Heidi Cramer brings this Complaint against Defendant T-Mobile USA, Inc. and alleges as follows:

**PARTIES**

1. Plaintiff is an adult individual who during all times relevant to this Complaint was employed by Defendant in this District. Plaintiff was a citizen of Ohio at all times relevant to this Complaint.

2. Defendant is a foreign corporation for profit organized under the laws of Delaware and maintaining a principal place of business in the state of Washington. Defendant can be served through its registered agent, Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221.

3. At all times relevant to this Complaint, Defendant was Plaintiff's employer within the meaning of the Ohio Civil Rights Act, O.R.C § 4112, *et seq*. ("OCRA").

4. At all times material to this Complaint, Plaintiff was an employee of Defendant within the meaning of the OCRA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. There is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b), because Defendants conduct significant business in this district and division. That conduct gives rise to this action.

7. Plaintiff has exhausted her remedies as required by Ohio Law. A copy of Plaintiff's Notice of Right to Sue is attached to this Complaint as **Exhibit A**.

## STATEMENT OF FACTS

### Plaintiff's Employment with Defendant

8. Plaintiff was hired by Sprint/ United Management Company on April 30, 2012 as a Manager of Solutions Sales.

9. Plaintiff's performance was favorable, and in late 2019 Plaintiff was promoted to the position of Director of Sales. She was assigned to work in Columbus, Ohio in this capacity.

10. Defendant acquired Sprint/ United Management Company in April of 2020.

11. Following the acquisition, Plaintiff begin reporting to Vice President of Sales, Jason Grutzius,

12. Plaintiff and Grutzius reported to Senior Vice President of Sales James Kirby.

13. Plaintiff, Kirby, and Grutzius worked in Defendant's Small to Medium Business Sales Department ("SMB Sales"). In this capacity, Plaintiff, Kirby, and Grutzius were in the business of making commercial sales on behalf of Defendant.

14. Kirby and Grutzius are male. Plaintiff is female. During all times relevant to this Complaint, Plaintiff was the only female director within the Eastern division of SMB Sales.

**Defendant's Practice of Assigning "Zero Dollar Plans" to Customers to Inflate Sales Figures**

15. Within the industry of commercial telecommunications sales, customers commonly seek to acquire large numbers of telecommunications devices over a period of time. For example, a customer may have a need for 1,000 devices in May, and an additional 1,000 devices in June.

16. The standard industry practice under such circumstances is for the telecommunications company to sell and activate devices to customers to suit immediate customer need.

17. Subscriber count is a leading benchmark for success within the telecommunications industry.

18. In order to manipulate sales figures, Defendant deviated from the standard industry practice of selling devices to suit immediate customer need, and would instead sell customers all needed and forecasted devices immediately. For those devices that were not immediately needed, Defendant would suspend the future devices, counting the devices as active but subscribed to plans at a cost of zero dollars per month until the customer needed the devices to be active. This practice permitted Defendant to cast itself in a favorable light when representing its current subscriber figures within the industry and to investors without requiring the customer to pay for devices that it did not immediately need.

19. Kirby and Grutzius's performance and compensation were based on subscriber count. Defendant assigned specific quarterly performance quotas to Kirby and Grutzius which made them eligible for bonuses.

20. In the first quarter of 2021, Defendant's SMB sales department was working with a customer that had an immediate need for approximately 1,400 lines, but was interested in acquiring tens of thousands of units in subsequent months.

21. To meet his specific quota for the first quarter of 2021, Grutzius directed Plaintiff to sign the customer up for 20,000 units, and to suspend the units that were not immediately needed.

22. Later in the first quarter of 2021, Grutzius informed Plaintiff that another commercial deal he had expected to come through was not going to close.  As a result, Grutzius directed Plaintiff to sign the customer up for an additional 10,000 units to allow him to meet his quarterly quota.  Plaintiff did as she was instructed, and signed the customer up for approximately 30,000 lines.  The remaining lines were suspended, but were nevertheless counted as subscribers for first quarter of 2021.

23. This manipulation benefitted Grutzius and Kirby directly as it allowed them to meet their quarterly quotas.  This manipulation also benefitted Defendant, providing an inflated first quarter subscriber figure.

24. Critically, Plaintiff did not gain a direct benefit from this manipulation.  Plaintiff, unlike Grutzius and Kirby, did not receive any quarterly bonus as a result of this manipulation.  Plaintiff also did not require these figures to meet any quarterly performance metric.

**Defendant Assigns Blame for the Subsequent Cancellations on Plaintiff—the Only Female Director in the Division**

25. The rather obvious risk presented by Defendant's practice is that a large number of subscriber cancellations may become necessary in the event that future customer need fails to meet an optimistic initial forecast.  This is precisely what happened in the Second and Third Quarters of 2021.

26. Though Grutzius and Kirby transparently benefitted from the manipulation of the inflated sales figures in the First Quarter of 2021, Defendant assigned sole blame for the cancellations to Plaintiff—who did not benefit from the first quarter manipulation of sales figures.

27. Defendant chose not to terminate Grutzius or Kirby for the predictable consequences of their actions.

28. Instead, Plaintiff, as the only female director in the department, was terminated for the actions of her male co-workers.

29. Similarly situated males were not terminated for engaging in the same actions as Plaintiff. Thus, Plaintiff was subjected to differing terms and conditions of employment, resulting in her termination.

## COUNT I
### (Discrimination on the Basis of Sex in Violation of the OCRA)

30. Plaintiff incorporates the allegations contained in the previous paragraphs as if fully rewritten herein.

31. Plaintiff is a female individual who was qualified for her position.

32. Defendant terminated Plaintiff's employment.

33. Defendant was treated differently than similarly situated male co-workers.

34. Defendant's stated reason for terminating Plaintiff's employment was a pretext for discrimination on the basis of sex in violation of the OCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Awarding Plaintiff compensatory damages consisting of economic and non-economic loss damages, as well as punitive damages for violations of the OCRA.

B. Awarding Plaintiff reasonable costs and attorney's fees necessarily incurred herein; and

C. Awarding Plaintiff such other and further relief as the Court deems just and proper.

5

Respectfully submitted,

Christopher J. Lalak (0090079)
**LALAK LLC**
1991 Crocker Road
Suite 600
Westlake, OH 44145
Telephone 440.892.3380
Email:    clalak@employmentlawohio.com

*Counsel for Plaintiff Heidi Cramer*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Christopher J. Lalak

*Counsel for Plaintiff Heidi Cramer*